# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| DAVID MOORE, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 2:09-cv-02097-RLH-PAL |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| WELLS FARGO BANK, N.A., | ) | (Motion for Sanctions - Dkt. #20) |
| | ) | |
| Defendant. | ) | |

The court conducted a hearing on Defendant Wells Fargo Bank N.A.'s Motion for Sanctions Pursuant to Rule 37 (Dkt. #20) on August 24, 2010. Brian Neidharder appeared on behalf of the Defendant. Nor counsel for Plaintiffs nor Plaintiffs appeared or filed a response to the motion.

The Complaint in this case was filed October 21, 2009. At a hearing conducted on March 3, 2010, the District Judge denied Plaintiffs' Motion to Remand and granted in part, and denied in part, Defendant's Motion to Dismiss Plaintiffs' Complaint. Plaintiffs' claims for injunctive relief-loan modification and for injunctive relief for a stay of foreclosure proceedings survived the motion to dismiss. On February 1, 2010, the undersigned entered a Discovery Plan and Scheduling Order which established a May 31, 2010 discovery cutoff.

The motion, which is supported by the declaration of Zachary D. Redmon, counsel for Defendant, represents that Plaintiffs have not produced their initial disclosures, responded to any written discovery requests, and have twice failed to appear for duly noticed depositions. Counsel for Defendant made attempts to inquire into the status of Plaintiffs' initial disclosures with counsel for Plaintiff Jorge Sanchez on March 9 and March 15, 2010 without success. On April 19 and April 20, 2010, counsel for Wells Fargo called Mr. Sanchez's office and was informed by a representative of

Attorney Joe Scalia that Mr. Sanchez no longer worked at that location. Mr. Scalia's office had no contact information for Mr. Sanchez. Counsel for Wells Fargo attempted to follow up with Mr. Scalia in an effort to meet and confer to resolve outstanding discovery issues. However, Mr. Scalia advised counsel for Wells Fargo that he did not know Mr. Sanchez's whereabouts, was not counsel for the Plaintiffs, and would no longer be involved in any communications regarding this case.

Counsel for Wells Fargo seeks an order dismissing Plaintiffs' Complaint in its entirety for Plaintiffs' failure to produce mandatory initial disclosures, respond to written discovery, and failure to appear for their depositions. Defendant also seeks attorney's fees and costs incurred for the necessity of filing this motion.

During oral argument, counsel for Defendant reiterated that he had had no contact with Mr. Sanchez, Plaintiffs' counsel, and did not know his whereabouts. Mr. Scalia advised counsel for Wells Fargo that Mr. Sanchez had been renting office space, but was not affiliated with this firm. Wells Fargo therefore requested case dispositive sanctions be imposed. The court inquired of counsel for Wells Fargo whether he had had any communication with the Plaintiffs or knew their last-known addresses. He responded that he had not had any communication with the Plaintiffs, but might have their last-known addresses. The court therefore directed counsel for Defendant to ascertain the Plaintiffs' last-known addresses indicating this order to show cause would issue giving the Plaintiffs a final opportunity to participate in prosecuting this action. On August 24, 2010 Defendant filed a statement of Plaintiff's last known address (Dkt #24) as directed.

Attorney Jorge Sanchez is counsel of record for the Plaintiffs. He has not been relieved as counsel of record, nor filed a request with the court to withdraw. The court cannot determine, whether the Plaintiffs' failure to engage in discovery and prosecute this action is a result of the negligence or inaction of their counsel, or the Plaintiffs themselves. However, counsel for Plaintiff no longer maintains offices at the address he provided this court when filing this action, and his prior landlord does not know his current whereabouts. After the hearing the court learned that Mr Sanchez has been suspended from the practice of law by the Nevada Supreme Court in an order entered June 23, 2010. At the hearing the court indicated an order to show cause would issue. However, as it appears counsel for plaintiffs has been suspended from the practice of law the court will give plaintiffs an opportunity to

either retain substitute counsel or file a statement indicating they will be representing themselves, and set the matter for a status hearing.

**IT IS ORDERED** that:

1. Plaintiffs shall have until September 24, 2010 in which to either retain substitute counsel who shall make an appearance in this action in accordance with the Local Rules of Practice or file a statement with the court indicating they will be appearing in this matter pro se, ie, representing themselves.

2. The Clerk of the Court shall serve the Plaintiffs with a copy of this order to show cause at their last known address at 244 Dominican Ave., Henderson, NV 89002.

3. A status hearing is set for October 5, 2010 at 10:30 am. Plaintiffs and/or substitute counsel shall appear.

Dated this 25th day of August, 2010.

_____
Peggy A. Leen
United States Magistrate Judge